**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JOHN ROONEY, | : | |
| GDC No. 347509, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:99-CV-395-MHS-JSA |
| VICTOR WALKER, Warden, | : | |
| Respondent. | : | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

The matter is presently before the Court on Petitioner John Rooney's "Motion In Support Of Rule 60(b)(4)" [Doc. 38]; the response [Doc. 39]; Petitioner's motion for an extension of time to file an out of time reply and motion for judicial notice [Doc. 43]; and Petitioner's reply [Doc. 42]. As an initial matter, Petitioner's motion [Doc. 43] is **GRANTED** *nunc pro tunc*, and his reply filed on October 23, 2014 [Doc. 42], is accepted as filed.

I.     Procedural History

On February 10, 1999, Petitioner filed a § 2254 petition in this Court challenging his July 10, 1995, convictions and sentences by guilty plea in the Gwinnett County Superior Court. (Doc. 1). This Court dismissed the petition as untimely on October 27, 1999 [Doc. 28], and on March 23, 2000, the Eleventh

AO 72A
(Rev.8/82)

Circuit denied him a certificate of appealability because Petitioner had failed to make a substantial showing that he had been denied a constitutional right.  (Doc. 37).

Over fourteen years later on September 26, 2014, Petitioner filed the instant motion purportedly under Federal Rule of Civil Procedure 60(b)(4), and claims that there was a "defect" in the prior proceeding in this Court because:  (1) his guilty plea was accepted by a state court that did not have jurisdiction since Petitioner was never advised of his Fifth Amendment privilege against self-incrimination; and (2) the state court violated his constitutional rights by imposing consecutive sentences.  (Doc. 38).  Respondent argues that the instant petition essentially is a successive § 2254 petition that should be dismissed by this Court. The Court agrees.

II.    Discussion

Section 2244(b) of Title 28, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), places limits on second or successive habeas corpus petitions brought pursuant to 28 U.S.C. § 2254. Specifically, the AEDPA requires that if a petitioner brings a new claim not brought in a previous § 2254 petition, that claim must be dismissed unless it relies

2

on either a new rule of constitutional law or newly discovered facts.  *See* 28 U.S.C.

§ 2244(b)(3); *Gonzalez v. Crosby*, 545 U.S. 524, 531.  Moreover, "[b]efore a

second or successive application permitted by this section is filed in the district

court, the applicant shall move in the appropriate court of appeals for an order

authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3).

Petitioner filed a previous petition for writ of habeas corpus under 28 U.S.C.

§ 2254 in this Court challenging his convictions and sentences.  The dismissal of

that petition as untimely is considered to be an adjudication on the merits for

successive petition purposes.  *See Johnson v. Workman*, 446 F. App'x 92, 93 n.1

(10th Cir. 2011) (stating that previous petition that was dismissed as untimely is

on the merits for the purpose of second or successive petitions); *Quezada v. Smith*,

624 F.3d 514, 519-20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition

for failure to comply with the one-year statute of limitations constitutes an

adjudication on the merits that renders future petitions under § 2254 challenging

the same conviction 'second or successive' petitions under § 2244(b)").  *See also*

*Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) ("The rules of finality,

both statutory and judge made, treat a dismissal on statute-of-limitations grounds

. . . as a judgment on the merits.").

AO 72A
(Rev.8/82)

Styling his challenge as a Rule 60(b)(4) motion, Petitioner raises two new claims and argues that the motion is not subject to reasonable time limits nor constitutes a successive § 2254 petition.  Petitioner's challenge, however, is a blatant attempt to circumvent the AEDPA's rules regarding successive petitions.

Indeed, Rule 60(b)(4) allows a person to seek relief from a final judgment if "the judgement is void." Fed. R. Civ. P. 60(b).  This provision only applies to a final judgment of United States district courts, *see* Fed. R. Civ. P. 1, and in a habeas case it only provides a limited basis by which a party can seek relief from final judgment.  *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir.2007).  The only relevant judgment here from which Petitioner can seek relief, therefore, is this Court's decision that his 1999 habeas petition was untimely.

But instead of providing any basis whatsoever for relief from that decision, Petitioner raises new claims about defects in his state court proceedings that he claims render his state judgment void.  Petitioner, however, cannot avoid the AEDPA's requirement that any such new claim be dismissed unless he can show that the claim relies on a new rule of constitutional law or newly discovered facts, which he clearly cannot do.  *See Gonzalez*, 545 U.S. at 531-32 (using a new claim challenging the state court's judgment – even if couched in the language of a true

4

Rule 60(b) motion – as an example of impermissibly circumventing the AEDPA's successive petition bar). The instant purported Rule 60(b)(4) motion to vacate judgment is thus a successive 28 U.S.C. § 2254 application and must be dismissed. *See, e.g., Kinard v. Booker*, No. 08-14992, 2013 WL 4482869, at *2 (E.D. Mich. Aug. 20, 2013) (dismissing Rule 60(b)(4) motion as a successive § 2254 petition, where the petitioner asserted defects in the state court proceedings and state court judgment but provided no basis to challenge the district court's dismissal of his original § 2254 petition as untimely); *Smalls v. Smith*, No. 05-CV-5182 (CS), 2009 WL 2902516, at *4 (S.D. N.Y. Sept. 10, 2009) ("Although a challenge to subject matter jurisdiction of the District Court that decided the Section 2254 petition is a proper use of Rule 60(b)(4), . . . Petitioner challenges the jurisdiction of the state court in which he was convicted. That challenge, previously rejected by Judge Brieant, cannot be revived via a Rule 60(b) motion.").

Accordingly, Petitioner must first move in the Eleventh Circuit for an order authorizing this Court to consider his successive petition. *See* 28 U.S.C. § 2244(b)(3); *Morales v. Florida Dep't of Corr.*, 346 F. App'x 539, 540 (11th Cir. 2009) (affirming dismissal of § 2241 petition because the petitioner did not seek authorization with the Eleventh Circuit to file a successive habeas petition).

5

Because Petitioner has not obtained the proper certification from the Eleventh Circuit, this Court may not consider the instant petition. *See Morales*, 346 F. App'x at 540 ("Absent authorization, the district court lacks jurisdiction to consider a second or successive petition."); *Spivey v. State Bd. of Pardons and Paroles*, 279 F.3d 1301, 1303 (11th Cir. 2002) (affirming dismissal of prisoner's § 1983 claim which was the "functional equivalent" of a second habeas petition, because the district court lacked jurisdiction since the prisoner failed to seek authorization to file a successive petition from the Eleventh Circuit pursuant to § 2244(b)(3)(A)).

Finally, even if this Court were to assume that it should accept Petitioner's Rule 60(b)(4) motion, it is untimely. Despite Petitioner's claim to the contrary, a person filing a Rule 60(b)(4) motion must do so within a reasonable time. *See* Fed. R. Civ. P. 60(c)(1); *Smith v. United States*, 433 F. App'x 891, 892 (11th Cir. 2011). This Court cannot say that a delay of fourteen years between this Court's dismissal of Petitioner's § 2254 petition and when he filed his motion under Rule 60(b)(4) – a delay for which Petitioner provides no explanation whatsoever – constitutes a reasonable time. *See Gill v. Wells*, __ F. App'x __, 2015 WL 1726579, at *3 (11th Cir. Apr. 16, 2015) ("readily conclud[ing]" that the petitioner did not file a Rule

60(b)(4) motion within a reasonable time because he "sat on his rights" and did not file the motion until ten years after the challenged judgment); *Pierce v. Kyle*, 535 F. App'x 783, 785 (11th Cir. 2013) (finding the appellant did not file a Rule 60(b)(4) motion within a reasonable time, where it was filed more than a year after the dismissal of the complaint and he did not adequately explain why he waited that long to file the motion); *Glean v. Sikes*, No. CV598-017, 2014 WL 4928885, at *2 (S.D. Ga. Sept. 26, 2014) (finding Rule 60(b)(4) motion filed more than twelve years after his § 2254 petition was denied was not filed within a reasonable time); *but see Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1130 (11th Cir. 1994) (stating that "the time within which a Rule 60(b)(4) motion may be brought is not constrained by reasonableness").

III.   <u>Conclusion</u>

**IT IS HEREBY RECOMMENDED** that the instant Rule 60(b)(4) motion [Doc. 38] be **DENIED**.

7

The Clerk is **DIRECTED** to terminate the District Court's referral of the case to the undersigned magistrate judge.

**IT IS SO RECOMMENDED** this 16th day of June, 2015.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)