IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN ROONEY, GDC No. 347509, Petitioner, | PRISONER HABEAS CORPUS 28 U.S.C. § 2254 |
| v. | CIVIL ACTION NO. 1:99-CV-395-MHS-JSA |
| VICTOR WALKER, Warden, Respondent. | |

## ORDER AND OPINION

The matter is before the Court on the Magistrate Judge's Final Report and Recommendation ("R&R") [#44] and Plaintiff's objections thereto [#46].

The District Court must "make a de novo determination of those portions of the [R&R] to which objection is made" and "may accept, reject, or modify [the R&R], in whole or in part. . . ." 28 U.S.C. § 636(b)(1)(C). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision(b).

The Magistrate Judge recommends that Petitioner's Rule 60(b)(4) motion [#38] be denied because it essentially constitutes an impermissible successive 28 U.S.C. § 2254 habeas corpus petition. [#44 at 2-5]. The Magistrate Judge

specifically concludes that although Rule 60(b)(4) allows a person to seek relief from an allegedly void judgment, the provision only applies to a judgment of United States district courts and provides a limited basis for relief in federal habeas cases. [*Id.* at 4]. The Magistrate Judge concluded that because Petitioner does not challenge this Court's decision that his 1999 habeas petition was untimely [*see* #28] but instead argues that his state court conviction is void, Petitioner's Rule 60(b)(4) motion constitutes an impermissible attempt by Petitioner to circumvent the rules against successive petitions. [#44 at 4-5].

Petitioner raises the following objections: (1) the district court should have noted that his guilty plea in state court was unconstitutional and illegal and that the state court therefore did not have subject matter jurisdiction; (2) he did not "sleep on his rights"; (3) he only recently discovered that his Fifth Amendment rights were violated because he was not advised of his Fifth Amendment privilege against incrimination; and (4) his constitutional rights were violated by the Chief Judge of the state courts, the State's attorney, and his counsel and, if this Court had reviewed the state court's subject matter jurisdiction it would have granted the Rule 60(b)(4) motion. [#46].

The Magistrate Judge correctly found that Petitioner's Rule 60(b)(4) was an impermissible attempt to circumvent the bar against successive habeas petitions. Other than stating that he did not "sleep on his rights," Petitioner does not challenge this Court's decision that his 1999 habeas petition was untimely.[1] Although he attempts to couch some of his objections as arguments about what this Court should have decided back in 1999, he ultimately seeks to raise more issues with his state court judgment and conviction.

Thus, the Court **OVERRULES** Petitioner's objections [#46], **ADOPTS** the Magistrate Judge's Final Report and Recommendation [#44], and **DENIES** Petitioner's Rule 60(b)(4) motion [#38] as an impermissible second or successive § 2254 habeas petition.

**IT IS SO ORDERED** this 7th day of July, 2015.

_____
MARVIN H. SHOOB, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] To the extent that this Court could interpret Petitioner's objection that he newly discovered the "fact" that his Fifth Amendment rights were violated as an argument that the one-year limitation period should begin when that "fact" was discovered, that new claim must be brought before the Eleventh Circuit in a request to proceed with a second or successive § 2254 petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (stating that a Rule 60(b) motion must be treated as a successive habeas action if, *inter alia*, it seeks to add a new claim).